UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND BROWDEN,<br><br>   Plaintiff,<br><br>   v.<br><br>CJ BERRY WELL SERVICES MANAGEMENT, LLC,<br><br>   Defendant. | Case No. 1:24-cv-01416-JLT-CDB<br><br>ORDER ON STIPULATION STAYING ACTION PENDING RULING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION IN RELATED ACTION<br><br>(Doc. 4)<br><br>ORDER VACATING FEBRUARY 18, 2025 SCHEDULING CONFERENCE<br><br>(Doc. 2)<br><br>ORDER DIRECTING COUNSEL TO FILE A NOTICE OF RELATED CASES IN COMPLIANCE WITH LOCAL RULE 123<br><br>**7-DAY DEADLINE** |

**Background**

On October 21, 2024, Plaintiff Leland Browden ("Plaintiff") initiated this action with the filing of a complaint in Kern County Superior Court against Defendant CJ Berry Well Services Management, LLC ("Defendant"), Case No. BCV-24-103581 (the "State Court Action"), alleging claims for retaliation, failure to prevent discrimination and harassment, wrongful termination, negligent infliction of emotional distress, and unfair competition. (Docs. 1-1, 4 at 2). On November 20, 2024, Defendant timely removed the action to this Court. (Doc. 1). The parties

1

attest that Defendant "related this removed action to the putative wage and hour class action Plaintiff previously filed against Defendant through his same counsel, which is pending before this Court bearing Case No. 1:24-cv-00418-JLT-CDB (hereafter '*Browden I*')[.]"  (Doc. 4 at 2). However, it appears Defendant did not file a notice of relation in this Court following removal, but, instead, noticed the relation of the two actions in state court.

**Stipulated Request to Stay**

Pending before the Court is the parties' stipulated request for order staying all proceedings pending resolution of Defendant's motion to compel individual arbitration ("MTCIA") in *Browden v. CJ Berry Wells Services Management, LLC*, E.D. Cal. Case No. 1:24-00418-JLT-CDB ("*Browden I*"), which the parties attest was fully briefed on August 26, 2024.  (Doc. 4 at 2); (*Browden I*, Docs. 7, 9, 11).  In the *Browden I* MTCIA, Defendant asserts that Plaintiff's claims are subject to individual arbitration pursuant to the Dispute Resolution Policy ("DRP") Plaintiff entered into with Defendant.  (Doc. 4 at 2). The parties represent that Defendant has met and conferred with Plaintiff on an intended motion to compel arbitration with respect to the employment-discrimination and wrongful termination claims asserted in this action on the grounds that the claims are similarly subject to individual and final binding arbitration pursuant DRP Plaintiff entered into with Defendant.  (*Id.*).  The parties represent that they have conferred and agree that the outcome pending the MTCIA in *Browden I* may be relevant to or determinative of the arbitration issue in this action and in light of the foregoing, good cause exists to stay all proceedings in this action pending the Court's ruling on the *Browden I* MTCIA, as it would be judicially efficient and would conserve resources of the Court and the parties. (Doc. 4 at 2).  The parties represent that following a ruling on the *Browden I* MTCIA, the parties will meet and confer in good faith regarding next steps including, without limitation, whether any further law or motion practice is needed in this case pertaining to Defendant's assertion that Plaintiff is bound to arbitrate the claims asserted herein.  (*Id.*).

Based on the parties' representation that the instant action is related to previously filed *Browden I* action involving the same parties as here, Defendant's counsel will be directed to file a Notice of Related Cases in accordance with Local Rule 123(b) in this action and in the *Browden I*

matter. *See* Local Rule 123(b) ("Counsel who has reason to believe that an action on file . . may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases.").

For good cause shown in the parties' stipulation, and the pending decision on Defendant's MTCIA in *Browden I*, which the parties agree may be relevant to or determinative of the anticipated arbitration issue in this action, this action will be stayed pending the Court's determination of Defendant's MTCIA in *Browden I*.

**Conclusion and Order**

Accordingly, in light of the parties' representations and good cause appearing, IT IS HEREBY ORDERED:

1. This action is STAYED pending the Court's ruling on Defendant's motion to compel individual arbitration ("MTCIA") in the *Browden I* Action;

2. Defendant's Counsel is DIRECTED to file **within 7 days** of the entry of this order either (a) a notice of related cases in this action and in the *Browden I* action in compliance with Local Rule 123, or (b) a report indicating why a notice of related cases should not be filed;

3. The parties are DIRECTED to file a joint status report **within 14 days** following the ruling on the MTCIA in *Browden I* regarding next steps including, without limitation, whether any law and motion practice is necessary in this case regarding whether Plaintiff is bound to arbitrate his claims asserted herein based on the arbitration agreement at issue in the *Browden I* MTCIA; and

4. The scheduling conference set for February 18, 2025 (Doc. 2) is VACATED, to be reset as necessary following the filing of the joint status report.

IT IS SO ORDERED.

Dated:   **December 13, 2024**

UNITED STATES MAGISTRATE JUDGE